1

2

3

4

5 UNITED STATES DISTRICT COURT

6 NORTHERN DISTRICT OF CALIFORNIA

7

| | |
|---|---|
| 8   JAMES HENRY FLOURNOY, P00154293, | Case No. 23-cv-02883-CRB  (PR) |
| 9          Plaintiff, | |
| 10     v. | **ORDER OF DISMISSAL** |
| 11   PAUL HAAKENSON, Judge, et al., | (ECF No. 1-6) |
| 12         Defendant(s). | |

13 Plaintiff, a pretrial detainee at the Marin County Jail (MCJ) facing state criminal charges in

14 Marin County Superior Court, and a frequent litigant in federal court, has filed a pro se complaint

15 under 42 U.S.C. § 1983 against Marin County Superior Court Judge Paul Haakenson.  Plaintiff

16 alleges that Judge Haakenson, who is presiding over the current state criminal case against

17 plaintiff and presided over a prior state criminal case against plaintiff in 2021, has violated

18 plaintiff's federal rights throughout his "discriminative prosecution[s]" of plaintiff.  ECF No. 1-6

19 (Compl.) at 3.

20 **DISCUSSION**

21 A.    Standard of Review

22 Federal courts must engage in a preliminary screening of cases in which prisoners seek

23 redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

24 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of

25 the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

26 may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id.

27 § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police

28 Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

United States District Court
Northern District of California

United States District Court
Northern District of California

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

It is well established that a state judge generally is "immune from suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991). This immunity is overcome in only two sets of circumstances. Id. at 11. "First, a judge is not immune from liability from nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12 (citations omitted). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Spakman, 435 U.S. 349, 362 (1978). A "complete absence of all jurisdiction" means a clear lack of subject matter jurisdiction. Miller v. Davis, 521 F.3d 1142, 1147 (9th Cir. 2008).

Section 1983 also "contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity." Wolfe v. Strankman, 392 F.3d 358, 366 (9th Cir. 2004). "The statute provides that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" Id. (quoting 42 U.S.C. § 1983). "[D]eclaratory relief" is deemed available to a plaintiff if he can pursue an appeal in state court. See Munoz v Superior Court, No. 22-cv-8682-MWF-JEM, 2023 WL 2780368, at *4 (C.D. Cal. Mar. 8, 2023) (declaratory relief available where plaintiff had opportunity to appeal); Weldon v. Kapetan, No. 17-cv-1536, 2018 WL 2127060, at *4 (E.D. Cal. May 9, 2018) (same).

The judicial immunity available to state judges therefore is not limited to immunity from damages, "but extends to actions for declaratory, injunctive and other equitable relief." Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996) (citation and internal quotation marks omitted), superseded by statute on other grounds.

United States District Court
Northern District of California

1       Here, plaintiff seeks to hold Judge Haakenson liable for actions he allegedly took while

2  presiding over plaintiff's criminal cases.  Among other things, plaintiff alleges that Judge

3  Haakenson improperly limited plaintiff's "pro per privileges" after having an ex parte

4  conversation with MCJ officials about plaintiff's "alleged excessive use of the phone," suspended

5  plaintiff's "pro per privileges" because plaintiff was absent from court due to disability/illness,

6  denied plaintiff's request for "transcripts to certain [court] proceedings," and "made a bias and

7  unethical statement" at plaintiff's bail hearing.  ECF No. 1-6 at 3, 4, 5 & 6.  Plaintiff further

8  alleges that Judge Haakenson improperly denied plaintiff's state habeas petition challenging

9  MCJ's "classification practices/policy," denied plaintiff's request to use a phone at MCJ "that is

10  not monitored or recorded," and "disrespect[ed]" and refused to pay plaintiff's "legal runner" no

11  more than "$25 an hour," causing her to quit.  Id. at 11, 13, 18-19.  But all the alleged actions of

12  Judge Haakenson that plaintiff challenges are judicial in nature and there is no indication (despite

13  plaintiff's protestations) that Judge Haakenson clearly lacked subject matter jurisdiction in taking

14  any of them.  See Miller, 521 F.3d at 1147.  See, e.g., Sadorski v. Mosley, 435 F.3d 1076, 1079

15  (9th Cir. 2006) (state judge who acted in excess of his jurisdiction when he modified a defendant's

16  sentence to impose a longer term of incarceration "did not act in the clear absence of all

17  jurisdiction," and therefore entitled to absolute immunity); Duvall v. County of Kitsap, 260 F.3d

18  1124, 1133 (9th Cir. 2001) (judge who denied disability accommodation to litigant absolutely

19  immune because ruling on motion and exercising control over courtroom are normal judicial

20  functions within judge's jurisdiction).  Because Judge Haakenson had jurisdiction to perform the

21  general acts in question, he is immune however erroneous the acts may have been, however

22  injurious the consequences of the acts may have been, and irrespective of the judge's motivation.

23  See Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000).

24       Plaintiff also names the Marin County Board of Supervisors as a defendant in this case.

25  Although not entirely clear, it appears that he asked the Board to remove Judge Haakenson as the

26  judge presiding over his current state criminal case and now asks this court to compel the Board to

27  remove Judge Haakenson.  But this court instead must abstain from granting injunctive or

28  declaratory relief where granting such relief would interfere with pending state criminal

1   proceedings.  Younger v. Harris, 401 U.S. 37, 40-41 (1971).  Only upon a showing of the state's

2   bad faith or harassment, or a showing that the state statute challenged is "flagrantly and patently

3   violative of express constitutional prohibitions," is federal court intervention justified.  Id. at 46,

4   53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or

5   irreparable harm that would justify federal court intervention; statute must be unconstitutional in

6   every "clause, sentence and paragraph, and in whatever manner" it is applied).  Despite plaintiff's

7   protestations over Judge Haakenson's judicial actions in his ongoing state criminal proceedings,

8   this is not an extraordinary case requiring federal court intervention.  Instead, Younger abstention

9   is appropriate, and dismissal of this federal action is required.  See Beltran v. State of Cal., 871

10   F.2d 777, 782 (9th Cir. 1988).

## CONCLUSION

12        For the foregoing reasons, the complaint is DISMISSED with prejudice under the authority

13   of 28 U.S.C. § 1915A(b).

14        **IT IS SO ORDERED**.

15   Dated: September 28, 2023

CHARLES R. BREYER
United States District Judge

4